UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

               LYONS EQUIPMENT COMPANY, INC.,       09-12419 B


                             Debtor
------------------------------------------------------
ANDREW REESE,

                             Plaintiff

          v.                                                              AP 09-1059 B

LYONS EQUIPMENT CO., INC.,
LYONS EQUIPMENT CO., INC. SHAREHOLDERS,
LYONS EQUIPMENT CO. INC. BOARD OF DIRECTORS,
GREYSTONE BUSINESS CREDIT II, LLC,
MICHAEL BRUMMER, and JOHN LYONS,

                             Defendants
------------------------------------------------------

                         Kevin T. Stocker, Esq.
                         2645 Sheridan Drive
                         Tonawanda, New York 14150
                         Attorney for Plaintiff Andrew Reese

                         Ruskin, Moscou, Faltischek
                         Jeffrey A. Wurst, Esq., of counsel
                         Daniel L. McAuliffe, Esq., of counsel
                         1425 RXR Plaza
                         Uniondale, New York 11556-1425
                         Attorneys for Defendant Greystone Business Credit II, LLC

                         Phillips, Lytle, Hitchcock, Blaine, et al.
                         Alan J. Bozer, Esq., of counsel
                         Kevin J. Mulvehill, Esq., of counsel
                         Joshua P. Fleury, Esq., of counsel
                         3400 HSBC Center
                         Buffalo, New York 14203
                         Attorneys for Defendant Michael Brummer

                         DiCerbo & Palumbo
                         Michael A. Morgan, Esq., of counsel
                         410 Community Bank Bldg.
                         Olean, New York 14760
                         Attorneys for Defendant John Lyons

                         Jaeckle Fleischmann & Mugel LLP
                         Beverley S. Braun, Esq. of counsel
                         William C. Grossman, Esq., of counsel
                         12 Fountain Plaza
                         Buffalo, New York 14202
                         Attorneys for Defendant Lyons Equipment Co., Inc

Bucki, Chief U.S.B.J., W.D.N.Y.

Prior to the commencement of bankruptcy proceedings in this case, a secured creditor caused the appointment of a chief restructuring officer to operate the business of the debtor. The underlying issue in the present dispute is whether that secured creditor and a chief restructuring officer or workout manager owe a fiduciary duty to assure payment of pre-existing creditors.

In the summer of 2008, Lyons Equipment Company, Inc., owed more than $2.4 million to Greystone Business Credit II, LLC ("Greystone") on a line of credit that was secured by a lien on nearly all of the obligor's assets. This indebtedness was further guaranteed by John Lyons, the president and sole stockholder of Lyons Equipment Company. When Lyons Equipment Company defaulted on its payment obligations, Greystone commenced an action to enforce its various rights under the security agreements. That action was then settled by stipulation in September 2008. The stipulation required the appointment of a chief restructuring officer who would be charged with responsibility to achieve targets for the prompt repayment of the secured indebtedness. John Lyons resigned as an officer, and Michael Brummer was selected to serve as the chief restructuring officer. Under Brummer's management, by May 2009, Lyons Equipment Company paid all but $181,000 of its outstanding obligation to Greystone.

Andrew Reese is a former salesman for Lyons Equipment Company. On March 11, 2009, Reese commenced an action in the New York State Supreme Court to recover unpaid commissions allegedly due for sales made prior to Brummer's appointment as chief restructuring officer. In his complaint, Mr. Reese sought recovery not only from Lyons Equipment Company, but also from John Lyons, from Greystone, and from Michael Brummer. Michael Brummer moved quickly to dismiss the action. In a written decision dated April 22, 2009, the Honorable Larry M. Himelein indicated that he would grant that motion and directed the parties to submit an order of dismissal. Prior to entry of that order, however, Lyons

Equipment Company filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 28, 2009. Then in June 2009, the debtor removed the state action to this court.

In this bankruptcy proceeding, Andrew Reese filed a proof of claim in the amount of $529,270. Thereafter, Reese and the debtor settled that claim as well as all causes of action that Reese had asserted against Lyons Equipment Company in the action that had been removed from state court. As approved by an order dated July 21, 2010, the settlement allowed a general unsecured claim against the bankruptcy estate in the amount of $130,000, but preserved any rights that Reese had against non-debtor defendants in the removed action.

Reese, Greystone, Michael Brummer and John Lyons have asserted various cross motions for summary judgment and ask that this court resolve all of the remaining claims at issue in the present adversary proceeding. In substantial part, because the resolution of these claims will determine the liability of the debtor as a guarantor, this matter may fall within the core jurisdiction of the court. *See* 28 U.S.C. §157(b)(2). To the extent that any portion of this proceeding is non-core, all of the parties have consented to the jurisdiction of the Bankruptcy Court and to the entry of a final order that resolves the outstanding disputes.

Although Judge Himelein issued an opinion indicating that he would grant Michael Brummer's motion to dismiss the complaint, the state court failed to enter an order of dismissal. Without an order of the state court, the Bankruptcy Court is not bound by the earlier ruling. Nonetheless, I am persuaded by the soundness of Judge Himelein's ruling and agree that his holding should extend to all of the unresolved causes of action.

Reese contends that the non-debtor defendants owe a fiduciary duty to assure payment of all commissions that are due to him from Lyons Equipment Company. In attempting to establish liability, Reese cites several specific statutory provisions. He then further argues that even if no particular statute applies, the intent of New York law generally is to impose an obligation to effect full payment of his commission claim.

The plaintiff argues that Article 6 of the New York Labor Law establishes a duty to pay wages and sales commissions. Pursuant to Labor Law §191-c, a principal has liability for commissions earned by a sales representative. However, Michael Brummer, John Lyons and Greystone have no contractual relationship with Andrew Reese, and hence do not satisfy the statute's definition of a principal. N.Y. LAB. LAW § 191-a(c) (McKinney 2002). Alternatively, the plaintiff urges reliance on Labor Law §198-a. This section imposes criminal liability on officers and agents who knowingly permit a corporation to violate Article 6 by failing to pay wages due to employees. The defendants properly question the applicability of section 198-a, but even if we were to assume all of the requirements of a crime under this section, such failure does not create any civil liability. In this regard, we are bound by the decision of the New York Court of Appeals in *Stoganovic v. DiNolfo*, 61 N.Y.2d 812 (1984). In that case, the Court denied civil liability "for reasons stated in the memorandum at the Appellate Division." As so adopted by the Court of Appeals, the memorandum of the Appellate Division "refused to imply a civil cause of action based on the Labor Law." 92 A.D.2d 729, 730.

I also find no merit in any of the plaintiff's other statutory arguments. In particular, the complaint seeks recovery under Business Corporation Law § 630(a). Under that section, the ten largest shareholders of a corporation may be liable for unpaid wages of the corporation, but only upon satisfaction of various conditions, including the delivery of written notice to the shareholder within 180 days of termination. Having offered no evidence of meeting these conditions, the plaintiff fails to establish a claim under the Business Corporation Law.

Notwithstanding the absence of a statutory basis for liability under New York law, Reese insists that the non-debtor defendants have violated a fiduciary obligation to assure payment of the sales commissions that were owing to him. With respect to each of the remaining defendants, however, the court finds no such duty and no consequential liability.

The very essence of a corporate structure is to insulate shareholders, directors and officers from liability to creditors. As such an owner and officer of the debtor

corporation, John Lyons would generally have no personal exposure for commissions owed to the plaintiff, except in circumstances of special statutory liability. Having failed to establish a claim under either the New York Labor Law or the Business Corporation Law, Andrew Reese has shown no possible basis for a recovery against John Lyons.

As a general rule, a secured creditor like Greystone has no duty to assure payment of any creditor other than itself. So long as it avoids collusion or breach of some statutory mandate, a secured creditor may aggressively take all legal steps to recover outstanding indebtedness. Here, Greystone brought suit not for the purpose of defrauding other creditors, but merely to enforce the collection of its own claim. The resulting appointment of a restructuring officer does not impose any new or different obligations upon Greystone. Meanwhile, in his status as an officer, Michael Brummer owed an independent duty to Lyons Equipment Company. Having a need to address a potential repossession of Greystone's collateral, Lyons Equipment Company had good reason to pay that secured claim ahead of pre-existing unsecured debt. Whether consequential or coincidental, the debtor's failure to pay Andrew Reese is an outcome for which Greystone has no liability. In as much as the facts show no other basis for liability under any of the statutes that Reese has cited, the plaintiff has no valid cause of action to collect its outstanding debt from Greystone.

In his position as chief restructuring officer, Michael Brummer owes a duty of sound management. Absent some specific statutory mandate or other compelling consideration for the imposition of liability, however, the duties of management extend only to the employer. Upon receiving direction from his employer to effect payment to Greystone, Michael Brummer became obligated to exercise all legal means to achieve that goal. The restructuring officer simply owes no special duty to any specific creditor or employee. Having failed to establish liability under the Labor Law or under any other statute, Reese has no valid cause of action to recover damages from Michael Brummer. Of course, a restructuring officer must act reasonably to assure that the restructuring corporation fulfills statutory obligations that arise during the period of his engagement. In the present instance, however, Andrew

Reese seeks to recover pre-existing commissions that became due prior to Michael Brummer's employment. As a practical matter, restructuring officers undertake to manage companies in financial trouble. Although we might all wish otherwise, companies in financial trouble will invariably owe substantial debt. The job of a workout manager or restructuring officer would become impossible if this court were to impose a personal duty to pay preexisting debts. Both in law and as a matter of realistic expectations, this court finds no basis to impose personal liability upon Michael Brummer for any outstanding debt owed to the debtor's former sales representative.

For the reasons stated herein, as to each of the plaintiff's causes of action, summary judgment is granted to Michael Brummer, John Lyons, and Greystone Business Credit II, LLC. Accordingly, the outstanding causes of action are dismissed, but without costs to any party.

So ordered.

Dated:      Buffalo, New York                    /s/         CARL L. BUCKI
            September 8, 2010                    Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.